In re SEPTEMBER 11 LITIGATION

Cedar & Washington Associates, LLC, Plaintiff–Appellant,

v.

The Port Authority of New York and New Jersey, Silverstein Properties, Inc., World Trade Center Properties LLC, Silverstein WTC Management Co. LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC, 4 World Trade Center LLC, 7 World Trade Company, L.P., HMH WTC, Inc., Host Hotels and Resorts, Inc., Westfield WTC LLC, Westfield Corporation, Inc., Consolidated Edison Company of New York, AMR Corporation, American Airlines, Inc., UAL Corporation, and United Airlines, Inc., Defendants–Appellees.

No. 10–4197–CV.

United States Court of Appeals, Second Circuit.

May 23, 2012.

Sari E. Kolatch (Jay B. Spievack, Kara Gorycki, Cohen Tauber Spievack & Wagner P.C., New York, N.Y., Robert D. Fox, Neil Witkes, Manko, Gold, Katcher & Fox

LLP, Bala Cynwyd, PA, on the brief), Cohen Tauber Spievack & Wagner P.C., New York, N.Y., for Appellant.

Leah W. Sears (Beth D. Jacob, Judith S. Roth, on the brief), Schiff Hardin LLP, New York, N.Y., for appellee the Port Authority of New York and New Jersey.

Richard Williamson, Thomas A. Egan, Flemming Zulack Williamson Zauderer LLP, New York, N.Y., for appellees Silverstein Properties, Inc., et al.

Christopher Walsh, Paul M. Hauge, Gibbons P.C., Newark, N.J., for appellees Host Hotels and Resorts, Inc. & HMH WTC, LLC.

Peter L. Winik, Latham & Watkins LLP, Washington, D.C., for appellees Westfield WTC LLC & Westfield Corp., Inc.

Charles F. Rysavy, Dawn M. Monsen, K & L Gates LLP, Newark, N.J., for appellee Consolidated Edison Co. of New York, Inc.

Maura K. Monaghan (Roger E. Podesta, Debevoise & Plimpton, New York, N.Y., Desmond T. Barry, Jr., Condon & Forsyth LLP, New York, N.Y.), Debevoise & Plimpton, New York, N.Y., for appellees American Airlines, Inc. & AMR Corp.

Jeffrey J. Ellis, Quirk and Bakalor, P.C., New York, N.Y., Michael R. Feagley, Mayer Brown, LLP, Chicago, Ill., for appellees United Air Lines, Inc. & United Continental Holdings, Inc.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff Cedar & Washington Associates, LLC appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), dismissing its complaint. Cedar & Washington sought recovery of abatement costs incurred after its building in lower Manhattan was infiltrated by hazardous substances produced by the terrorist attacks at the World Trade Center on September 11, 2001.

Sometime after September 11, 2001, Cedar & Washington undertook to renovate its 12–story office building into a 19–story business hotel. It was notified by the New York State Department of Environmental Conservation and the United States Environmental Protection Agency of the possibility that the interstitial spaces of its building might contain so-called "WTC Dust," which according to the complaint is composed of finely ground substances from the destruction of the World Trade Center, including concrete, asbestos, silicon, fiberglass, benzene, lead, and mercury. To continue renovations, the governmental agencies required Cedar & Washington to remediate the WTC Dust through costly cleanup measures. In this suit, Cedar & Washington seeks to recover those costs from defendants, which include the owner of the World Trade Center site, lessees of World Trade Center buildings, and the companies that owned and operated the two aircraft that were crashed into the Twin Towers.

The claims are premised on the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9675, and common-law indemnification. The district court dismissed the claims on two alternative grounds: (1) construction of scaffolding by the Federal Emergency Management Agency ("FEMA") in the immediate aftermath of September 11 was "initiation of physical on-site construction of the remedial action" for the purpose of CERCLA's statute of limitation, see 42 U.S.C. § 9613(g)(2)(B), and Cedar & Washington's 2008 lawsuit was therefore untimely; and (2) Cedar & Washington failed to al-

lege either a "release" or a "disposal" of hazardous substances necessary to pursue a claim for cost recovery under CERCLA § 107(a)(1) and (a)(2). 42 U.S.C. § 9607(a)(1) & (a)(2). Following dismissal of the CERCLA claim, the district court dismissed the indemnification claim as "academic." In addition to the grounds upon which they prevailed, defendants made a number of other arguments as to why the lawsuit should be dismissed at the pleading stage. They have renewed many of those arguments on appeal.

The 96th Congress passed CERCLA "in response to the serious environmental and health risks posed by industrial pollution" and "to promote the 'timely cleanup of hazardous waste sites.'" *Burlington N. & Santa Fe Ry. Co. v. United States,* 556 U.S. 599, 602, 129 S.Ct. 1870, 173 L.Ed.2d 812 (2009) (quoting *Consol. Edison Co. of N.Y. v. UGI Util., Inc.,* 423 F.3d 90, 94 (2d Cir.2005)). Cedar & Washington's CERCLA claims invite the application of CERCLA to a unique and unforeseen factual circumstance. Their resolution may involve thorny questions of statutory interpretation. We are reluctant to resolve such questions absent consideration of a threshold question: whether the attack on the World Trade Center on September 11 was an "act of war" within the meaning of CERCLA's affirmative defense.

CERCLA Section 107(b) provides an affirmative defense in any situation where the "release or threat of release of a hazardous substance" was "caused solely by ... (2) an act of war." 42 U.S.C. § 9607(b). The district court was not presented with an opportunity to consider the issue, although all defendants asserted or adopted the affirmative defense in their answers to the complaint. We therefore issue the mandate to the district court for the limited purpose of allowing it to decide in the first instance whether the act-of-war exception in CERCLA, considered in the context of CERCLA's statutory scheme and the intent of Congress, applies in this case. But we will retain jurisdiction over the case.

For the foregoing reasons, following the procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), a mandate shall issue forthwith remanding this cause to the district court, where it shall permit liberal repleading of the act-of-war defense, solicit briefing from the parties in an expeditious manner, and render a decision within 75 days of the date of this order. After the district court's decision, any party to this appeal may restore jurisdiction to this court within 30 days by letter to the Clerk's Office seeking review, without need for a new notice of appeal. The Clerk's Office will then set an expedited briefing schedule and refer the appeal to this panel.